

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2006

# USA v. Pinkett

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3987

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Pinkett" (2006). *2006 Decisions*. Paper 1064.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1064

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  03-3987

UNITED STATES OF AMERICA

v.

TREVIS PINKETT,

Appellant

———————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 01-cr-00231-14
District Judge:  The Honorable Stewart Dalzell

———————————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 8, 2006

Before: BARRY, and SMITH, *Circuit Judges*,
and RODRIGUEZ, *District Judge*[*]

(Filed:   May 23, 2006)

———————————

OPINION OF THE COURT

———————————

SMITH, *Circuit Judge*.

———————————

[*]The Honorable Joseph H. Rodriguez, Senior District Judge for the District of New Jersey, sitting by designation.

Trevis Pinkett's counsel filed a motion for leave to withdraw as appellate counsel and has submitted a brief in support of this motion pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel argues that there are no nonfrivolous issues that can be raised on appeal. The portions of the record identified by counsel, however, would support a challenge to the legality of Pinkett's sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and a remand for resentencing pursuant to *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005). Accordingly, we find that counsel's *Anders* brief is inadequate, and we will grant counsel's motion to withdraw, direct the appointment of substitute counsel, and grant leave for new counsel to raise issues related to *Booker*.[1]

## I.

On February 25, 2002, Pinkett pled guilty to a charge of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. According to a revised Presentence Report prepared on September 19, 2003, Pinkett faced a mandatory minimum sentence of ten years and a guideline range of 360 months of imprisonment to life imprisonment as a result of the facts to which he stipulated in his written plea agreement. The Presentence Report included a two level upward adjustment pursuant to USSG § 3C1.1 (obstruction of justice). The revised Presentence Report also eliminated a three level downward adjustment pursuant to USSG § 3E1.1 (acceptance of responsibility), which had appeared in two prior versions of the Presentence Report.

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

At Pinkett's sentencing hearing on September 26, 2003, the government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1 (cooperation). The District Court eventually granted this motion.

Pinkett's counsel did not object to the two level upward adjustment pursuant to § 3C1.1, but she did object to the elimination of the three level downward adjustment pursuant to § 3E1.1. After hearing argument on this issue, the District Court found that although Pinkett had accepted responsibility as of the time of sentencing, this was not a "rare case" in which a downward adjustment pursuant to § 3E1.1 would be consistent with an upward adjustment pursuant to § 3C1.1.[2] Accordingly, the District Court overruled this objection.

Finally, Pinkett's counsel also moved for a downward departure pursuant to USSG § 5H1.4 (physical impairment), noting that Pinkett was a paraplegic as a result of being shot multiple times approximately two years before his arrest. The government opposed this motion, and called as a witness the Health Systems Administrator for the Northeast Region of the Bureau of Prisons, who testified with respect to the ability of the Bureau of Prisons to address the special medical needs of inmates. In considering this motion, the District Court noted that § 5H1.4 "is a discouraged basis," and provides only that "an

---

[2]Application Note 4 to § 3E1.1 provides that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." USSG § 3E1.1.

extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range." The District Court then found that while Pinkett's condition was serious, and that his motion for a departure was "not a frivolous motion by any means," Pinkett's condition was not "so far out of the heartland as to warrant departure." Accordingly, the District Court denied this motion.

Following its consideration and resolution of these issues, the District Court set a sentence of 180 months of imprisonment, an additional five years of supervised release, a $1000 fine, and a $50 special assessment. On instruction from her client, Pinkett's counsel then filed notice of appeal from his sentence.

On April 26, 2004, Pinkett's counsel filed her motion for leave to withdraw as counsel and her supporting *Anders* brief. Pinkett was granted leave to file a *pro se* brief in response, due June 2, 2004, but Pinkett never filed such a brief.

On January 12, 2005, the Supreme Court handed down its opinion in *Booker*, holding that the Federal Sentencing Guidelines could not constitutionally create a mandatory sentencing regime, and rendering the guidelines advisory by striking the statutory provision that had made them mandatory. *See generally* 543 U.S. 220. On March 3, 2005, the parties were directed to comment on the applicability of *Booker* to Pinkett's sentence. The Docket Sheet indicates that a response on Pinkett's behalf to this order was received on March 17, 2005, but on March 24, 2005, Pinkett's counsel moved for leave to withdraw this response, and for an extension of time for Pinkett to file a *pro se* response to our March 3, 2005, order. On April 25, 2005, we granted this motion,

4

struck the March 17, 2005, response, and granted Pinkett an additional 21 days to file a *pro se* response. Pinkett never filed such a response.

## II.

When analyzing an *Anders* brief, we ask: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). "The duties of counsel when preparing an *Anders* brief are (1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id*. Where our review confirms that there are no nonfrivolous issues, we can grant counsel's motion to withdraw and dismiss the appeal on the merits. *Id.* at 299. In contrast, if we identify a nonfrivolous issue and thus determine that counsel's *Anders* brief is inadequate, we will grant counsel's motion to withdraw and appoint new appellate counsel to examine the nonfrivolous issue. *Id.* at 301-02.

Pinkett's counsel identified six possible issues in her *Anders* brief: (1) whether the District Court had jurisdiction to accept Pinkett's guilty plea; (2) whether Pinkett's guilty plea was valid; (3) whether Pinkett's mandatory minimum and guideline range were properly calculated; (4) whether the District Court should have sustained Pinkett's objection to the revised Presentence Report's elimination of the downward adjustment for acceptance of responsibility; (5) whether the District Court should have granted a greater downward departure on the government's motion; and (6) whether the District Court should have granted Pinkett's motion for a downward departure in light of his

5

paraplegism.

As an initial matter, we are satisfied that Pinkett's counsel diligently examined the record for appealable issues. Having performed our own close scrutiny, we also agree with counsel that there are no nonfrivolous issues with respect to the jurisdiction of the District Court or the validity of Pinkett's plea. Accordingly, we will affirm Pinkett's conviction pursuant to his guilty plea.

In contrast, we conclude that the legality of Pinkett's sentence could be nonfrivolously challenged under the Supreme Court's decision in *Booker* and our decision in *Davis*. Specifically, in *Davis* we decided to remand for resentencing all cases pending on direct review when *Booker* was decided and in which the defendant was sentenced under the mandatory guidelines regime. *See* 407 F.3d at 165. Here, the record confirms that the District Court treated the guidelines as mandatory rather than advisory. Consequently, on request, Pinkett would be entitled to a remand for resentencing pursuant to *Booker* and *Davis*.

Pinkett's counsel understandably did not anticipate and identify this issue in her original *Anders* brief. She has not, however, submitted a response to our request for a discussion of *Booker*, and appears to have instead delegated that responsibility to Pinkett himself acting *pro se*. Further, we do not find that her lack of a *Booker* response, and Pinkett's lack of a *pro se Booker* response, are indicative of an affirmative statement on Pinkett's behalf that he is waiving any *Booker* issues on appeal. *Cf. Davis*, 407 F.3d at 166 ("In this opinion, we express no view on waiver or alternative sentences. We will

6

continue to review each appeal individually. Appellants have been directed to state whether they wish to challenge their sentence under *Booker*. For those who do not, we consider the appeal on its merits.").

Consequently, we find that counsel's *Anders* brief is inadequate. In accordance with this court's precedents, we will grant counsel's motion to withdraw. *See Youla*, 242 F.3d at 302. Pursuant to L.A.R. 109.2(a), we will direct the Clerk to discharge current counsel, appoint substitute counsel, restore the case to the calendar, and fix a subsequent briefing schedule. Finally, we will also grant leave for new counsel to raise issues related to *Booker*.